The first case on our jacket this morning is number 127-805, People v. the State of Illinois v. Tremaine Tompkins. That's agenda number 10. Counsel for the appellant, are you prepared to proceed? Good morning, Your Honors. Good morning, Counsel. I'm Yasmin Navai. I'm here from the State Appellate Defender's Office on behalf of Tremaine Tompkins. I'm going to be addressing Argument 1 regarding the propriety of the proffered non-IPI jury instruction that was tendered below. I'm happy to answer your questions on either of the two issues though. Tremaine's conviction for unlawful possession of a weapon hinged almost exclusively on the credibility of Officer Constantino Martinez, who claimed he saw Tremaine toss a gun during a foot pursuit. Martinez was, in fact, one of three officers who testified for the State. Yet, interestingly, he was the only officer who violated Section 1020A3 of the Body Camera Act by failing to activate his body camera during the foot pursuit. Thus, the State presented no visual corroboration for the single most important piece of evidence in their case. Pursuant to Section 1030 of the Body Camera Act, the enforcement mechanism of this extremely important statute, Tremaine was entitled to a jury instruction on this violation. The Attorney General agrees, ultimately, that the trial court erred in evaluating Martinez's actions as a threshold matter, where it agrees that Martinez's intent and the reasonableness of his actions were traditionally reserved as questions for the finder of fact. In this jury trial, that would be the jury. Therefore, the sole issue before your honors is the accuracy of the Crawford Non-IPI below. The Crawford Non-IPI instructed the jury to determine if Officer Martinez intentionally failed to activate his body camera during his foot pursuit of Tremaine. Importantly, the instruction did not tell the jury how to weigh that failure. And then, in that way, we realize that this instruction is not, in fact, an adverse inference instruction, as the State calls it. Instead, the simple, neutral language employed by the instruction helps to explain why the trial judge below agreed that the instruction was both well-written and that it tracked the statutory language of 1030, and the State fails to demonstrate that this portion of the trial court's decision was an abuse of discretion. Sotomayor, did the instruction leave out a portion of the statutory language? The instruction here did not directly address the unless the State provides a reasonable explanation. And so that instruction failed to include that language. Yes, but that language was not at play in this case. The issues below, and this is an interesting point, I think the body, I'll just step back if I may in explaining this. It treats it that way unless the State provides a reasonable justification. Isn't that correct? That if, yes, if there is. And so that portion was left out. No, I would say no, Your Honor, in the sense that the body camera act is an intentional violation of the, of a failure to activate a body camera during a foot chase. And that traditionally, any time there's a question of whether an act, if you will, is volitional, is criminal, is intentional, it always entails a reasonable whether there's a reasonableness of those actions. And it's important to look back. At the trial court below, in point of fact, and the State never argued that it was intentional but reasonable. The only claim that the State made below was that in point of fact that the officer offered a reasonable explanation because it was unintentional. So the questions at play in this case were whether it was intentional as the defense maintained or whether it was unintentional and presumptively unreasonable is the way they evaluated. At the proceedings below, the State was given multiple opportunities to explain its objection on the record. It never did so. In fact, it has never offered any court, namely this court, a reasonable explanation for an intentional failure to activate a body camera during a, this foot pursuit. And it's a foot pursuit is a basic law enforcement activity. But the trial court found that there was a reasonable justification. Is that correct? Yes, Your Honor. And that's where he made the mistake. Reasonableness and intent, as the prosecutor argues, it ultimately agrees. These are traditionally questions reserved for the jury. And the jury should have been the one to evaluate the reasonableness of the trial court's explanation. And I think the proposed instruction didn't direct the jury to do that, correct? The instruction did not include explicit language of that fact. However, intent. Let me ask you this. If we were to determine that the instruction, the alternative, the instruction that was offered was not accurate, was not an accurate statement of the law, where does that leave us? If you found that the instruction is not accurate in this case, certainly for Mr. Tompkins, it would result in you finding no error here. I understand that. But I think that isn't warranted here. The intentional, for example, if we look back all the way to 1935, in People v. Rubin, this court recognized, in point of fact, that whether a particular act, in that case, it was a possession of stolen goods case, whether that was intentional or whether that was a guilty mental state rested on the reasonableness of those justifications. That's implicit in any time we have an intentional or a nonintentional violation. Just to hold it a white, I'd like to direct you to the example that the State cited, actually in response to your question. I think it illustrates this problem and why the instruction here is not incomplete. And that's really what we're dealing with. The State doesn't claim that the instruction is inaccurate but incomplete because it does not include the intentional but reasonable violation. It doesn't account for that. But there's no need for the intentional but reasonable violation at play here. And the example I'm getting to is the ---- Kennedy, doesn't this instruction that was given take a factual question away from the jury, the way it was given? Doesn't it take a factual question away from the jury and it doesn't completely address whether the intent can be reasonably justified? No, Your Honor. I think the exact opposite. The instruction leaves for the jury to decide if that officer behaved intentionally and it leaves for the jury to decide what weight it will place on that. Of course, as we know ---- What about reasonably justified? I'm just about to get to that, Justice Carter. As we know from Rubin, for example, the reasonableness is the measure of the weight that they will place on that violation, as it is in virtually every case. For example, from that People v. Rubin case, whether they will find a guilty mens rea with regards to the possession of stolen goods depends on the reasonableness of that individual's explanation. And it's important to note that the onus, according to this statute, is on the State. The State never argued below. It never explained the basis for its objection. In fact, the State has always equated reasonableness with intentionality. They said that this was reasonable because it was unintentional. And they haven't given us an example of a reasonable justification for a conscious refusal to activate your body camera during this fundamentally basic law enforcement activity. Are we reading that last phrase out of the statute, though, with your analysis? I mean, you're basically saying the issue is intentional or unintentional, that ends the story. But the legislature didn't end it there. The legislature clearly left off that last phrase. The last phrase, if we look at statutory construction, actually, it relates to both. It is, if we look at the comma, it comes after a comma. It modifies both intentionality and what weight that the jury will place on this. In that sense, as I've been saying, it gives the weight that the jury will place on this violation depends on the reasonableness of the explanation. And if the State had believed that the instruction was at all inaccurate, the onus, similar to the first, and this is what I was trying to get back earlier, and I think I'll step away and I'll explain this. I think the first-degree murder self-defense analogy is a great explanation of this. First-degree murder is an intentional killing done without lawful justification. However, the without lawful justification language doesn't come into play until the defendant in that case says he raises self-defense. So this Court has previously held, multiple courts have held, that the definitional instruction for first-degree murder without, that doesn't include the language, and that's cited, Justice Burke, that's cited in my opening brief as well. The committee notes in the case, the Worsham, I believe it was. That, the instruction doesn't need to include the without lawful justification unless that defense has been raised. Similarly here, the unless the State provides a reasonable justification isn't at play. It doesn't need to be included in this instruction. It might need to be played in the examples cited by the State, but as the intentional but reasonable violation is not at play in this case. There is. But the State did put in evidence of reasonable justification. In fact, the trial court found that. So, I mean, if you're equating this to an affirmative defense issue, then the State raised the affirmative defense by placing it at issue. Well, by that same token, the State didn't argue for any instruction. It didn't, first of all, it didn't even complain that the instruction was inaccurate. When the trial court finds that the instruction is completely accurate and tracks the statutory language, the prosecutor doesn't say anything. And then on appeal, and this is important, and on appeal, their only argument is that the trial court did not abuse its discretion because the violation was unintentional. Let's get back. Let's get to, I mean, the phrase is the standard. What standard do we look at this under? And the dissent said here the proposed non-IPI instruction was appropriate and substantially covered the act. Substantially covered the act. Is that the new standard that we have now for non-IPI? I don't know that that's particularly the standard, but I will say I'll go even further than the dissent. It covered the act, that instruction was accurate as to the facts of this case and the law at play in this case. In this case, and in fact, it was the onus was on the State, and they have never argued. And I think why that's compelling is because they didn't think it was inaccurate. They have always equated intentionality with reasonableness in the context of a foot chase. They have still not offered your honors with a reasonable justification for intentionally failing to activate a body camera during a foot chase. In fact, if there was one, it would swallow up the act itself. This is not an empty exercise. It wasn't virtue signaling. I think that fact of that argument of the dissent is totally well taken. If we allow every officer to come in here and say it's spontaneity, which is undermined, Your Honor, Justice Burke, I will say by the evidence of record. The evidence of record shows that this officer knew he had to turn on his body camera. He was trained with his body camera. He was well versed with it. His partners turned on her camera. And also he's responding to the scene. He knows that he's responding to a fleeing vehicle. This is not a spontaneous event. This is not a spontaneous event at all. It undermines his explanation. And Officer Opassian, who initiated the traffic stop, who might say that it was a spontaneous situation, and he still activates his body camera. The evidence of a record shows that this was a pretextual explanation. But your honors, under as written, the instruction covered the law. The prosecutor was still free to argue below that, in fact, Officer Martinez offered a reasonable explanation. And you should find that that violation was unintentional. The instruction needed nothing further for this particular case. I have a question for you. I think when you opened your argument, you referenced section 1028-3. How does that section fit your entire analysis? I noticed that it says cameras must be turned on at all times. Yeah. Thank you. Justice Neville, you're absolutely right. The default for basic law enforcement activities is that the body camera needs to be turned on. In fact, if you also look at Chicago Police Department regulation 3. I think it's special order 3-14. That, too, indicates that they must be turned on during such basic law enforcement activities. And they list, by name, foot chases and vehicle pursuits. There are no exceptions under the CPD rules. Under the Body Camera Act, the statute indicates that even when an exigent circumstance arises that prevents the officer from activating his body camera, the officer must turn it on as soon as practicable. In this case, it's not credible that Officer Martinez failed to activate his camera. That's the first part of the question about the cameras. But then it leaves out the other section. The IPI should be instructing the jury about what is the applicable principles of law that are applied here. And leaving out that section leaves out a major part of the law with regard to when it's reasonable when the camera is not on. That's what my problem is with this case. It's half the answer to a question about what the law requires. And using a non-IPI is a big threshold to use a non-IPI. And does this trial judge really justify that when he said it sufficiently, I forget the exact word, sufficiently covers, you know, what's required? Just to clarify, that's the dissenting judge. The arguments in our briefs are separate and independent of what the dissenting judge says. Yes, I understand. But just to clarify, the facts in this case, and I can't stress it enough, is sufficiently covered. The unless the state offers a reasonable justification, that language is important. Unless the state offers a reasonable justification. If we go back to the first degree self-defense analogy, which the AG invokes themselves, the proponent of that defense, the proponent of the argument that the instruction does not cover the facts and statements in this case, the onus is on the state. It has never, until we reached this court, have they suggested that the instruction is incompatible. It's incomplete. And that's really what the argument is. It's not inaccurate. Correct. Exactly. And doesn't your argument assume or presume that this was intentionally not captured? But isn't that still a question at play? Correct. That is a question at play. To the extent that there has to be some evidence of intentionality. And we would posit that the facts surrounding this case suggest that this was a pretextual explanation. That the facts surrounding this case suggest that, in fact, the officer knew better and intentionally refused to activate his body kit. At the very least. Your time has expired. Please bring your remarks to a close. Okay. Thank you. Just for the reasons advanced in our briefs, we would ask that we reverse it for a new trial. May it please the Court. Opposing counsel. My name is Nick Moeller of the Attorney General's Office on behalf of the State. I think it's important to step back and look at the actual question before the Court. Because the question before the Court, before it gets on to any of the other issues, is whether or not the proffered instruction was an accurate statement of the law. The facts of the case, the facts of Officer Martinez's chase or his reasons for turning off, have to do with whether the failure to give an instruction, if it was required, was harmless or not. But it does not get to the legal question of did the instruction proffered by defendant accurately reflect the statute, Section 1030. And there's no difference between incomplete and inaccurate. If something is incomplete, it is inaccurate. The fact of the matter is, Section 1030 clearly gives two conditions for when a fact finder, including a jury, should consider an officer's violation of the Act in determining the ultimate issue in a case. Those conditions are four. First, there must be a finding that there was an intentional Act violating the statute. And two, that the State did not give a reasonable justification. By leaving out that second part, the defendant failed to accurately reflect the law. And all of the arguments to the contrary are asking this Court to hold explicit language clearly put forth by the legislature to be superfluous. Ginsburg. So if this language had been included in the proffered instruction, it would have been a correct statement of the law and should have been given to the jury. Is that what you're saying? Yes, Your Honor. If that second condition had been included, the State's position is, under the some evidence standard that both parties seem to agree on, that an instruction should have been given. Counsel, do you concede that the trial court erred in deciding the question of reasonable justification? Your Honor, I concede that it was not the trial court's, it was not a question for the trial court. The State, the State would not have given a reasonable justification to the question of reasonable justification. I would not concede that there wasn't a reasonable justification. Our argument would first be going into the... But the judge shouldn't have decided it. Yes. The judge should not have decided it. The State's position is that if there is some evidence, largely that a camera was not turned on, an instruction that is accurate would be appropriate. However, in this case, the instruction proffered was not accurate. And the burden wasn't on the State. The burden wasn't on the trial court. This Court has been clear. That when a party wants an instruction, beyond the three instructions set apart for their constitutional nature, which this statutory instruction is not, when the party wants that instruction, they and they alone are responsible for both providing the instruction and for providing a correct instruction. So you're conceding that the trial court acted in error when it determined the issue of reasonableness by the court. You agree that was not the case? Yes, Your Honor. The State's position is that, largely due to misunderstanding, because there is no IPI on this matter, and because the statute itself is not very clear when it comes to who makes that determination, the trial court reasonably, but incorrectly, determined that it was its job to make that decision. In the trial court, did the State make the argument that you're making here today, or did the State make the argument that it was its job to make that decision? Did the State make the argument that the trial court had the discretion to deny this and make the determination of reasonableness itself? Which argument was made in the trial court? In the trial court, I believe the record would show that there was no argument from the State. It was an issue of the instruction was proffered, the State objected, and then the trial court immediately determined it without giving the State an opportunity to make an argument. And by the time the State would have spoken up, the trial court had already ruled. So there was error by the trial court? There was error by the trial court without input from the State, largely. In a trial, the State could speak up and say, well, Judge, I'd like you to reconsider this. I mean, things aren't answer one, answer two, and answer three. I mean, things are very fluid at a trial. So why wasn't it pressed by the State? Your Honor, I would say the position that would be required of the State in this case is they have just won an issue in front of the trial court, and they're being asked to say, Your Honor, we believe you're right in what you're doing, but we believe your reasoning's wrong, which is something that's not typically required of parties. But even if it were, even if the State was wrong not to, at the time this reaches this Court, the State is the epitome.  And the judge is the appellee. And the appellee can raise any argument clear from the record that supports the judgment below. Not the reasoning of the trial court, but the judgment. And the ultimate judgment of the court was not to give the proffered instruction. It relies on a matter of statutory interpretation, which, again, is de novo review, and therefore does not draw anything from what the trial court believed below or what the State argued below, because statutory interpretation matters also cannot be waived or forfeited because the statute says what the statute says. And here the statute says if you want the jury to consider the failure, or if you want the jury to be instructed to consider a failure to abide by the statute, you have to consider the failure to abide by the statute. If you want the jury to decide by the act, there has to be a showing that, or the jury has to first find that there was an intentional act and that the State has not provided reasonable instruction. Can there never be a waiver or forfeiture in something like this? If the State were not, if the State were appellant, if this had come up in the other direction from the appellate court, I think there could be a forfeiture. But in the posture it is with the State as the appellee defending the judgment, this Court has said there is no forfeiture in that instance. But even if forfeiture were a matter, it's important to consider that the defendant was the party that brought up the arguments. The State did not bring up the arguments of the correctness of the instruction in its brief. The defendant fully briefed it in their opening brief because it's what the appellate court relied upon. So this is an issue that has been fully briefed, and there's no reason to believe that forfeiture by the State in any way has prejudiced the defendant or that there is an incomplete record or briefing on which this Court to rely. So in conclusion on this issue, then, it's straightforward. The legislature said you need both items. Defendant only proffered one. And that makes their instruction incomplete. And therefore, as a non-pattern instruction, the trial court could not abuse its discretion for not giving an inaccurate instruction. But even if this Court were to find that somehow, as the defendant argues, the words intentional violation also encompass reasonable justification and an instruction should have followed, there is no harm here from the instruction not being given. And under either the evidentiary or the constitutional harmless error standard, this error was harmless. The fact of the matter is the jury was instructed to consider all evidence, everything said by the witnesses. And defense counsel made a large point. The majority of their argument or the primary focus of their argument through statement, cross-examinations, and closing argument was don't trust this officer. He did not turn his camera on. And because there was no instruction, because the instruction defendant the proffered instruction left out a part that was not helpful to the defendant. They left out the part that was helpful to the State. The jury was now allowed to consider, and indeed generally instructed by the court to consider in considering all things, the officer's failure to activate the camera without the safeguards put in place by the legislature. The jury was instructed by the trial court? The jury was instructed by the trial court under the standard instructions to consider all evidence. Right. There was no instruction as it relates to the failure of the officer to activate his body camera, though. Yes, Your Honor. The State's argument would be that in being instructed to consider all evidence, all evidence includes the evidence that the body camera was not turned on. And when you put that in concert with the fact that defense repeatedly focused on the failure to turn the body camera on in their cross-examinations and their closing statement, it would be unreasonable to believe that the jury didn't consider the fact that Officer Martinez didn't turn his camera on. But it did come down to the credibility of the officer. That's the issue. Yes. The evidence does come down to the credibility of the officer. It's credibility that's corroborated. The chase happening is corroborated by the other officers. Excuse me. The chase happening is corroborated by the other officers. They see him go off chasing defendants while they chase others. They see him afterwards when he's arrested defendant, and they see the unique gun in the location that the officer said he saw something thrown. Those corroborate the officer's testimony, and against it there's the suggestion there's just the consideration that he didn't turn his body camera on. But the jury was not specifically instructed to consider the violation in weighing the evidence overall. They were just basically instructed to consider all the evidence, but not that specific language that would have been in any instruction related to the violation of the Body Camera Act. Yes, Your Honor. They were not specifically instructed that way. Can you agree there's a difference there? I think there is a difference, but I don't know that there's a difference in the action happening. I don't believe there's a difference in the ultimate consequence, because if the attorney is telling the jury, look at this, this is the important thing about this case, look at it. The attorney's statement is not evidence, right? No, Your Honor, but it is considered by the jury. So it's not considered as evidence, but in evidence was repeated testimony that the officer should have turned his camera on and didn't. So the facts of the matter were put before the jury. Then in closing argument, the defense counsel argued that they should consider that. So the question's in their minds, and there's nothing from the court that says they can't consider it, because, of course, they can consider it. The matter then becomes what do they do with that? And so they have one element of an officer who says, it was the heat of the moment, I forgot to turn it on. And the rest of his testimony, other than the actual throwing of the gun, is corroborated by the other officers in the recovery of the gun. So whatever impeachment perhaps comes from the fact that the officer did not turn the camera on is undone by the corroboration from the other officers. And if this instruction had been given, the jury would have been constrained in that they now are told to only consider it if those two conditions are met. And in this case, those two conditions would not have been met, because there was no intentional act. Forgetting to do something is not the same as doing something. And even if this court were to find that that was an intentional act,  and then a scattering of many suspects from that crash who continue to flee, at least provides a reasonable justification as to why he would have forgotten to turn his camera on. When he doesn't know if these people who have already shown a disregard for community safety by their car chase that almost hits someone else and ends up crashing into a building, and by their continuing to flee after this danger is manifested, he's reasonable in focusing more on ending that danger when he forgets to turn on the camera. Here's a problem I have. The omission deals with something that's in the nature of a burden. The state has to show that unless the state provides a reasonable justification, that's sort of in the nature of a burden to show that, unless there's a reasonable justification that the camera's off. And so the argument saying, well, it's okay and not okay and so forth, it really doesn't instruct the jury about that phrase. The IPI instruction would focus the jury on what they're required to find, correct? Yes. One way or the other. And so how do the arguments capture that when they say it was okay, not okay, but then the jury wasn't instructed that they had to make this determination? Yes. But the state's argument is that what they are, the determinations they're not making actually benefit defendant. They benefit the defendant. They benefit the defendant because the jury is now considering the video or the lack of video evidence without any of the conditions put in by the legislature. So the legislature says don't consider it unless it's an intentional act, which the jury in this case was not instructed, so now they're allowed to consider it whether it's intentional or not. And unless the state, and if the state, sorry, don't consider it if the state gives a reasonable justification. So if, again, we're talking about, one of my issues is how does this play out? Is this the trial court for the trial court to decide? And you've agreed no. This is an issue, reasonableness is an issue for the jury to decide, right? Yes. And then we have some issues about burden. So should the state have tendered an instruction that tracked the language of the statute? After all, the statute commands that instruction be given to consider that the violation in weighing the evidence unless the state provides a reasonable justification. The statute specifically requires an instruction here. But here we have this problem that it was the defense who came forward and with incomplete instruction. Shouldn't the state have prepared this instruction in the proper form? Under the case law of this court, whoever wants the instruction, not whether or not the instruction is mandatory, not whether or not it should ultimately be given. The question is who would like the instruction given? And if they would like it given, they have to be proffered. And the state did not want to follow the statute to have this instruction given. Is that correct? It would appear to be because they did not proffer it. This could all be resolved going forward with an IPI instruction being issued. There's nothing to stop this court from either directly in this opinion saying what the opinion, what an instruction should look like, or directing the Committee on Jury Instructions to make such an IPI. Counsel, when the trial judge made the decision that the state had provided a reasonable justification, he took that issue out of the case, didn't he? Yes, Your Honor. He invaded the province of the jury. Yes, Your Honor, and the state has conceded that the court should not have done that. I want to follow up on what Justice Tice just said. What duty does the state have to ensure that a defendant gets a fair trial? The state has the same duty as the court, and perhaps best practices would have been for the state to suggest this instruction. However, the question before this court is not what are best practices, not what should have happened, but it's the issue as claimed and preserved by the defendant. But this is going to set a precedent. This case will set a precedent as to how courts deal with this issue in the future. So I think it is an important issue. Well, yes, Your Honor, and that's why in the state, though we concede the issue, do ask in our brief that this court consider making the IPI and clarifying what that instruction should be, because the state is arguing there should have been an instruction here. If there had been an IPI or if there had been an accurate instruction, as I said earlier, an accurate instruction should have been given. That could be clarified by this court in its ruling, defining what an accurate instruction is and or directing the Committee on Jury Instructions to make an IPI instruction following the statute. Both of those would correct the court below, let courts know what to do, but it would not change the fact that in this instance, defendant, because there isn't a pattern instruction, had the burden of presenting a correct one and did not. So you conceded a lot of error here by the trial court. Do you want to take a minute before the red light goes on to address harmless error? Yes, Your Honor. As I noted for the instruction itself, the jury, I think it would be impractical to think the jury did not in some way consider the fact that the camera wasn't turned on based on the focus of that. But had they been instructed, under the instruction, they likely would not have because there was no evidence of intentional act. There was evidence of forgetting. And even if somehow they found forgetting was intentional act, the officer provided a reasonable explanation for why he forgot. This is not really a negative inference instruction. You're to weigh it, correct? Yes. And we weigh the violation. And we already know it was a violation. Officer Martinez testified he was supposed to turn the camera. Yes. So the jury was well aware that there was a violation. He gave his reasons for it. And then it was completely argued by all the attorneys. Yes. And they still chose to believe Officer Martinez. No reason to believe that they didn't consider it in weighing the outcome of the case. No, Your Honor. And I think it would be impractical to think that the jury disregarded the evidence on the matter and the closing arguments about it. But if the jury had been instructed with this instruction, they would have focused on the question of whether or not the officer turned on his body camera. Assuming they found that there was an intentional act and not a reasonable justification, which, Your Honor, the State does not believe they would have given the evidence. So unless there are further questions on this or the issue of the irrelevant evidence, the State would ask that you affirm the judgment of the appellate court. Thank you. Thank you very much, counsel. The bill. May it please the Court. I just have a few points. Number one, look at page 311. The State was given two opportunities to explain the basis of their objection below. They did not. That is a direct misstatement of the record. The Court asked the State if they were objecting. The prosecutor replied, yes, Judge. Again, the Court asked the prosecutor to explain the basis of the objection. They did not. After defense counsel. Do you agree that we can affirm on any basis in the record? Yes, I believe you can affirm. And I believe. The fact that the State, as appellate, didn't argue something below, and the trial judge may have, according to the State's concession, ruled on something in error, but if we find that this statute or this instruction as it was written was inaccurate, that's a basis to affirm separate apart from what the State argued, separate apart from what the trial court explicitly ruled, correct? Your Honor, I'm not talking. If I may step back just to explain my point. You're right in that the Court may affirm on any basis. However, however, and I'm not talking about forfeiture on the sake of forfeiture's sake. It is compelling that the instruction pursuant to the statute, the onus is on the State as the proponent and as the person who would have that information to provide a reasonable justification. What does that mean in context of your question? It means that the State has the onus to bring this issue to light at the trial court or at the appellate court it doesn't say anything. At the appellate court level, it agrees that the instruction is well written, but just argues that the officer provided a reasonable justification because the failure was unintentional. What does that mean? That means the instruction, and I'm going back to what Justice Kight says, the instruction was accurate and complete with respect to the facts of this case. The State has never provided this Court with a reasonable explanation for an intentional failure during such basic law enforcement duties as a foot chase. This red herring, the intentional but reasonable red herring, what an instruction should look like in some other case is not before your honors. It did the instruction. Did it cover the law? Yes, Your Honor, you can affirm if you find the instruction is accurate. As to the ---- Well, can I, you know, there are, we have many cases in this Court where an instruction wasn't given, should have been given, but most of those cases the instruction is not so fundamental, not so essential. It's not enough to justify a reversal in a case given the evidence. I mean, we have a lot of cases like that dealing with jury instructions. And, you know, there are only a few jury instructions that this Court has found to be so essential and fundamental that if they're not given, it justifies a reversal. But it doesn't appear that this is one of them. Your Honor, I would disagree respectfully. Piotrowski, I think, is your lead case on that matter. Piotrowski involved the eyewitness identification instruction, connoited the Gonzales instruction, the Durer instruction, what you have. In a case where the State's case hinged on eyewitness testimony, in that case, the Court held that the error in that instruction was fundamental. Here, too, this case hinges on the credibility of Officer Martinez. This instruction is eminently different in its tenor than closing arguments are, where the prosecutor is free to, you know, make the last argument batting it down. I know my time is limited, so I'm just going to refer you back to those arguments. With respect to closing arguments, IPI 102, there is no corroboration of the evidence. The only corroboration that the State points to is the fact that they found a gun. Well, that just proves what happened. Somebody dropped a gun or somebody snatched a gun, and I would ask Your Honors to look at that body camera video. The gun is hidden at the side of the house. It is not willy-nilly thrown in a yard. So in this case, it is harmless, and it is similar to the instruction that was at issue in Piotrowski. The Court held that while, you know, the evidence was sufficient to sustain the conviction, it certainly wasn't closely balanced. This is the definition of a closely balanced case. We have no physical evidence, we have two other additional suspects, and we have an officer with very lacking credibility based on his failure. And this statute is not an afterthought. It's an important statute. Your Honors have held instructions like 102 are just simply not sufficient to convey for, you know, an important defense. And in this case, it really did not convey the tenor of the violation at issue here. And, again, the instruction was accurate as written and complete. Thank you. If there are no further questions, we just ask that you reverse and remand. Thank you very much. Case number 127805, People v. City of Illinois v. Tremaine-Thompkins. Agenda number 10 will be taken under advisement. Thank you both.